CERECEDO, PLAINTIFF AND APPELLANT, *v.* MEDINA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action to Annul a Sale of Real Property, etc.

No. 1992.—Decided July 31, 1919.

PLEADING—EVIDENCE.—The provision of section 119 of the Code of Civil Procedure that when an action is brought on a written instrument and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instrument are deemed admitted, unless the answer denying the same be verified, refers ordinarily, if not always, to an obligation in writing purporting to bind the defendant; therefore it does not mean that the plaintiff can evade the Law of Evidence and prove his case by attaching to his complaint a document which is plainly inadmissible, without offering the same in evidence.

ID.—ID.—NEGATIVE CERTIFICATE.—In the absence of a statute, a negative certificate by an officer will not be evidence of the non-appearance of a fact on
the records, it having been said that such negative proof requires oral testimony under oath of a search made and its results.
ID.—ID.—DISCRETION OF COURT.—Although section 34 of the Law of Evidence provides that the evidence must correspond with the allegations and be relevant
to the question in dispute, it is, however, within the discretion of the court,
according to the same section, to permit inquiry into a material collateral fact.

The facts are stated in the opinion.

*Messrs. Guillermo H. Moscoso* and *Luis Méndez Vaz* for
the appellant.

*Messrs. Benet & Souffront* and *Rodolfo Ramírez Vigo* for
the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff appeals from a judgment dismissing a suit to
annul a tax deed and an entry in the registry of property
as to cancelation of a mortgage, and assigns as error:

First, infringement of section 315 of the Political Code.

Second, infringement of sections 44 (subdivision 1), 45,
69 (subdivision 6) and 74 of the Law of Evidence, and sections 1184 and 1186 of the Civil Code.

Third, infringement of section 3 (subdivision 4) of the
Law of Evidence, in connection with section 34 thereof, consisting in the admission in evidence by the court below of a
deed of August 3, 1911, by which Agustín Hernández sold
to Genaro Candelaria certain real property, and in admitting
certain notes mentioned in the said instrument.

Section 315 of the Political Code provides, among other
things, that—

"  *   *   *  In all cases where real estate is embargoed and sold
for the payment of taxes the Treasurer of Porto Rico shall notify all
persons having a mortgage or other lien on said property of record
of such sale and in such notice shall state the date of the sale, the
amount for which the property was sold, and such other facts as he
may deem advisable."

A certificate issued by the Treasurer of Porto Rico reciting, among other things, that from an examination of the

record of the attachment and sale in question it appeared that certain mortgagees had not been notified, is said to have been attached to the complaint as part thereof.

Section 119 of the Code of Civil Procedure provides that—

"When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified."

The written instrument referred to is ordinarily, if not always, an obligation in writing purporting to bind the defendant. Whatever else might be included, the language quoted does not mean that in a suit like the present the plaintiff, by merely attaching to his complaint the negative certificate of an administrative officer, can evade the Law of Evidence and prove his case by a document, which on its face is plainly inadmissible, without being required to offer such document in evidence.

There is nothing in the record to indicate that any such question was ever suggested at the trial.

The theory of the second assignment seems to be that the court erred in refusing to admit this certificate in evidence.

"To prove a fact of record without the production of the record itself, a duly authenticated copy of the record or so much thereof as relates to the facts in question is required. A certificate by a public officer having the lawful custody of public records as to any fact appearing on the records of his office or *as to any conclusion he may draw from an inspection of the records is not competent evidence,* unless made so by statute. A *fortiori,* the authority to make certified copies will not authorize a certification as to facts not appearing of record or improperly inserted therein. So, in the absence of a statute, *a negative certificate* by an officer will not be evidence of the non-appearance of a fact on the records, it being said that such negative proof requires oral testimony under oath of a search made and its results." 17 Cyc. 337.

Section 3 of the Law of Evidence simply defines such

law as a collection of general rules for certain enumerated purposes.

Section 34 reads as follows:

"Evidence must correspond with the material allegations, and be relevant to the question in dispute. It is, however, within the discretion of the court to permit inquiry into a collateral fact, when such fact is directly connected with the question in dispute, and is necessary to its proper determination, or when it affects the credibility of a witness."

The third assignment is based on the general rule announced in the opening sentence of section 34, and the action complained of falls squarely within the qualification of such rule immediately following. The contention of appellant is that the deed in question was, as to plaintiff, *res inter alios acta.* In the circumstances of this case, the maxim quoted by counsel for appellee in answer to this suggestion is more to the point. *Nec curia deficeret in justicia exhibenda.*

The record as a whole not only discloses no reversible error, but shows that the conclusion reached by the trial judge was equitable and just, and the judgment appealed from must be

*Affirmed..*

Justices Wolf and del Toro concurred.

Mr. Justice Aldrey concurred in the judgment.

Mr. Chief Justice Hernández took no part in the decision of this case.